IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORIE SHARPE BEY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 17-4587 |
| PHILADELPHIA POLICE 39TH | : | |
| DISTRICT | : | |

KEARNEY, J.                                                                                                November 14, 2017

## MEMORANDUM

A citizen claiming the police department violated her civil rights by pulling her car over for failing to use a turn signal and then impounding her car for lacking a valid license must sue the City, not its police department. She must then also allege a custom or practice to impose civil rights liability upon the non-party City. Broad allegations of a "constable" false report to the police department and issuing a citation for a traffic violation do not state federal civil rights claims without specificity. To allege conspiracy, she must plead some facts so we can evaluate whether there is a plausible basis for her claim. As a bottom line, the citizen's basic argument is the police lack authority over her because she is a sovereign citizen and thus could not stop her for traffic violations. These facts do not state a civil rights claim against the police department. In the accompanying Order, we dismiss the complaint but grant her leave to timely file an amended complaint specifically alleging facts against the City which give rise to a federal claim.

### I.   Facts alleged in the *pro se* Complaint

A Philadelphia police officer stopped and pulled over Lorie Sharpe Bey for failing to use a turn signal while driving.[1] Ms. Sharpe denies the traffic violation.[2] Ms. Sharpe alleges the police officer and his commanding officer conspired, through threat, duress and coercion, to

injure her by forcing her to relinquish her car. She does not identify what made the officer's conduct excessive.[3] During the stop, Ms. Sharpe called the officer's "commanding officer" to the scene to voice her complaints about the officer's conduct.[4] After assessing the situation, the police officers seized Ms. Sharpe's vehicle and issued Ms. Sharpe two citations.[5] Upon review of the Philadelphia Municipal Court docket Ms. Sharpe attached to her Complaint, the Commonwealth charged Ms. Sharpe with operating her vehicle with either a revoked or suspended license and signaling improperly.[6] The state court found Ms. Sharpe guilty on both charges.[7] Ms. Sharpe alleges she is exempt from maintaining a valid driver's license and the officers did not have authority to pull her over because she is an aboriginal Moorish American.[8]

## II.  Analysis

Ms. Sharpe claims the officers unlawfully stopped her, unlawfully confiscating her vehicle, and improperly refused to issue her the citation under her preferred name. Ms. Sharpe also claims the officers conspired to deprive her of property rights. Ms. Sharpe's Complaint is not a model for clarity but we construe Ms. Sharpe's claims as attempting to allege civil rights violations against the Department through 42 U.S.C. § 1983 and § 1985 regarding Ms. Sharpe's right to be secure against unreasonable searches and seizures under the Fourth Amendment and deprivation of a property interest without due process of law under the Fourteenth Amendment.[9]

The Department moves to dismiss arguing it is not the proper defendant and Ms. Sharpe fails to identify a municipal policy or custom to support a claim against a governmental body under Section 1983.[10] Ms. Sharpe did not oppose the motion. We grant the Department's motion because Ms. Sharpe does not allege the officers acted in furtherance of a municipal policy or custom and Ms. Sharpe's vague allegation of conspiracy is insufficient to survive dismissal.

### A. Ms. Sharpe fails to state a municipal liability claim under § 1983.[11]

Under Section 1983, a municipality cannot be held liable for the constitutional violations of its employees under a *respondeat superior* theory.[12] A municipality may be liable if a municipal policy or custom caused the alleged constitutional violation.[13] A municipal policy exists when there is a "statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."[14] A custom exists with "the force of law by virtue of the persistent practices of municipal officials" and does not require formal approval through official decision-making channels.[15] In *Sorrells v. Phila. Police Dep't*,[16] the plaintiff sued the Department, among other state entities, alleging the Department improperly confiscated his car because of an obstruction of his license plate.[17] Our court of appeals found the *pro se* plaintiff failed to plead any "municipal policy, custom, or practice" relating to his alleged civil rights violations and affirmed the dismissal of the civil rights claims against the Department.[18]

Ms. Sharpe fails to allege necessary facts for a municipal liability claim under Section 1983. The insufficiency of Ms. Sharpe's allegations are similar to those of the *pro se* plaintiff in *Sorrells*. Even if we assume Ms. Sharpe alleges sufficient facts to establish a constitutional violation, Ms. Sharpe does not allege the officers infringed her constitutional rights while acting in furtherance of a municipal policy or custom.[19] Allegations of constitutional violations by the officers without a municipal policy or custom at issue are insufficient to state a municipal liability claim under section 1983. Ms. Sharpe fails to state a municipal liability claim under Section 1983.

### B. Ms. Sharpe fails to state claim for conspiracy under Section 1985.

Ms. Sharpe claims the officers violated 42 U.S.C. § 1985 by conspiring to injure her by forcing her to relinquish the rights to her automobile. To state a § 1985(3) claim, the plaintiff

must allege "(1) a conspiracy; (2) for the purpose of depriving any person or class of person of equal protection of the laws or equal privileges and immunities; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States."[20] To satisfy the second element, Ms. Sharpe must allege the defendants were motivated by a racial or otherwise class-based discriminatory animus.[21] A complaint "containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss."[22]

Ms. Sharpe fails to state a claim for conspiracy under Section 1985 because she fails to allege the officers acted with a race or other class-based discriminatory animus. Ms. Sharpe's claim also fails because she pleads only one vague allegation of conspiracy.[23] Ms. Sharpe alleges, "constable and his commanding officer under threat duress and coercion conspired to injure [Ms. Sharpe] forcing her to relinquish the automobile she was traveling in."[24] Ms. Sharpe fails to allege facts to support her legal conclusion the officers conspired. Ms. Sharpe does not allege facts suggesting the officers acted to form a conspiracy or the actions they took to plan or further the conspiracy.[25] Ms. Sharpe's bald allegation of conspiracy is insufficient to state a claim.

## III.    Conclusion

Ms. Sharpe fails to state a claim under Sections 1983 and 1985. Ms. Sharpe fails to identify a municipal custom or policy which caused the alleged constitutional violations by the officers. Ms. Sharpe also fails to plead conspiracy with particularity and plead the officers acted with discriminatory animus. We grant the Department's motion to dismiss without prejudice to Ms. Sharpe to timely file an amended complaint, if she can in good faith, consistent with this Memorandum.

[1] ECF Doc. No. 1, p. 22.

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.* at 31-32.

[7] *Id.*

[8] *Id.*

[9] We construe Ms. Sharpe's claims liberally because of her *pro se* status. *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). Ms. Sharpe is still required to allege sufficient facts to "state a claim of relief that is plausible on its face." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal citation omitted).

Ms. Sharpe cites to a series of Pennsylvania statutes throughout her Complaint. Ms. Sharpe cites to a Pennsylvania criminal statute, 18 Pa.C.S. § 3017, and demands $1,000,000 from the Department for each alleged violation under various criminal statutes. ECF Doc. No. 1, at 37. Section 3017 provides a penalty against business entities for violations of human trafficking. The statute does not provide a civil cause of action and is inapplicable to Ms. Sharpe's allegations. Ms. Sharpe also cites Pennsylvania criminal and vehicle code statutes defining various criminal and summary offenses. For example, Ms. Sharpe claims the Department committed theft by unlawful taking when it towed Ms. Sharpe's vehicle, and Ms. Sharpe claims the Department is guilty of a misdemeanor of the third degree by making a false report of theft of a vehicle. These statutes do not create civil causes of action.

[10] In deciding a motion to dismiss under Rule 12(b)(6), we accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party, but we "are not compelled to accept unsupported conclusions and unwarranted inference, or a legal conclusion couched as a factual allegation." *Castleberry v. STI Group*, 863 F.3d 259, 263 (3d Cir. 2017) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Edinboro Coll. Park Apartments v. Edinboro Univ. Found.*, 850 F.3d 567, 572 (3d Cir. 2017) (quoting *In re Vehicle Carrier Serv. Antitrust Litig.*, 846 F.3d 71, 79 n.4 (3d Cir. 2017)). A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Maiden Creek Assoc., L.P. v. U.S. Dep't of Transp.*, 823 F.3d 184, 189 (3d Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer

possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Our Court of Appeals requires we apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

[11] A police department is not a proper defendant in a municipal liability claim under Section 1983. *Sorrells v. Phila. Police Dep't*, 652 F. App'x 81, 83 (3d Cir. 2016) (citing *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997)). In a municipal liability suit based on conduct of municipal agency employees, the plaintiff should name the municipality as the defendant. *Id.* However, we "treat the municipality and its police department as a single entity for purposes of section 1983 liability." *Thompson v. Phila. Police Dep't*, No. 10-6083, 2012 WL 1526817, at *2 (E.D. Pa. 2012) (quoting *Bonenberger*, 132 F.3d at 20 n.4). For purposes of our analysis in this Memorandum, we treat Ms. Sharpe's claims against the Department as though they were asserted against the City of Philadelphia. *See Sorrells*, 652 F. App'x at 83 (construing claim against police department as against the municipality); *Thompson*, 2012 WL 1526817, at *2 (same).

[12] *Smith v. Luzerne County Wilkes Barre Police Dep't*, 521 F. App'x. 41, 43 (3d Cir. 2013) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

[13] *Id.* (citing *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)) (quoting *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690-91 (1978)).

[14] *Id.* (citing *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 215 (3d Cir. 2001)) (quoting *Monell*, 436 U.S. at 690).

[15] *Id.* (citing *Brown*, 269 F.3d at 215) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167 (1970)) (internal quotation marks omitted).

[16] 652 F. App'x 81 (3d Cir. 2016).

[17] *Sorrells*, 652 F. App'x. at 83.

[18] *Id.* at 82.

[19] To the extent Ms. Sharpe asserts claims based upon her status as an "aboriginal Moorish American," these claims are without legal basis. *See Sorrells*, 652 F. App'x at 83 (affirming

dismissal of claim the Philadelphia Parking Authority illegally seized the plaintiff's vehicle based upon the plaintiff's status as a "Moorish American National" as meritless). To the extent Ms. Sharpe attempts to state a claim under the Fourth Amendment, Ms. Sharpe must allege facts supporting "that a seizure occurred and that it was unreasonable." *Augustine v. Ramsey*, No. 13-6606, 2014 WL 2115479, at \*3 (E.D. Pa. 2014) (citing *Estate of Smith v. Marasco*, 430 F.3d 140, 148 (3d Cir. 2005)). Ms. Sharpe alleges the officer stopped and pulled her over, but Ms. Sharpe does not allege facts identifying how the officers acted unreasonably. Ms. Sharpe simply alleges she "called Constables commanding officer to the scene to complain that Constable was being excessive and that he was violating my rights." ECF Doc. No. 1, at 22. Ms. Sharpe does not allege the officer's unreasonable conduct. This bald legal allegation is insufficient to state a claim under the Fourth Amendment. *See Augustine*, 2014 WL 2115479, at \*4 (dismissing excessive force claim because the plaintiff failed to allege facts identifying how the officers acted unreasonably).

[20] *Piskanin v. Hammer*, No. 04-1321, 2005 WL 3071760, at \*3 (E.D. Pa. 2005) (citation omitted). We apply Section 1985(3) because it is the provision arguably applicable to Ms. Sharpe's allegations. Ms. Sharpe also cites to 18 U.S.C. § 241 alleging the officers conspired to violate her rights. Section 241 is a criminal statute and does not provide a civil cause of action. *Walsh v. Krantz*, No.07-0616, 2008 WL 2329130, at \*4 (M.D. Pa. 2008).

[21] *Id.*

[22] *Allen v. Sweeney*, No. 11-5602, 2012 WL 5897584, at \*12 (E.D. Pa. 2012) (citation omitted).

[23] ECF Doc. No. 1, p. 23 at ¶ 7.

[24] *Id.*

[25] *See Allen*, 2012 WL 5897584, at \*12.